UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO BECERRA GARZA,

Petitioner,

v.

JOE LIZARRAGA,

Respondent.

No. 2:26-cv-02293-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Petitioner challenges his 1987 conviction in Stanislaus County Superior Court for first degree kidnapping and the resulting sentence. (ECF No. 1.) For the following reasons, the undersigned recommends the petition be dismissed as unexhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971);

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds petitioner has failed to exhaust state court remedies. Petitioner acknowledges his claims have not been presented to the California Supreme Court and does not allege state court remedies are no longer available. Petitioner requests the court to grant a stay and abeyance. (ECF No. 1 at 8.)

Only under limited circumstances should an unexhausted habeas petition be stayed pending exhaustion. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for such a stay are the following: (1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Mena, 813 F.3d at 910 (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)). When none of a petitioner's claims have been presented to the highest state court, a district court may dismiss the petition for that reason. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, petitioner does not present any exhausted claims and states he is concurrently pursuing state court remedies on his claims. Allowing routine stays of habeas petitions under circumstances like these would undermine the goals of AEDPA to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. See Rhines, 544 U.S. at 276-77. The present petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

////

////

////

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

In addition, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 garz2293.103